IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN P. HORNER                                                                                       PLAINTIFF

vs.                              Civil No. 4:16-cv-04090-BAB

NANCY A. BERRYHILL                                             DEFENDANT
Acting Commissioner, Social Security Administration[1]

**MEMORANDUM OPINION**

John P. Horner ("Plaintiff") brings this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and supplemental security income ("SSI") benefits under Title XVI of the Social Security Act ("The Act").

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 7).[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

Plaintiff protectively filed his disability application for SSI on February 11, 2013. (ECF No. 10, p. 15). In his application, Plaintiff alleges being disabled due to learning disability, personality

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "ECF No. ___, p. ___."

1

disorder, and mental retardation. (ECF No. 10, p. 258). Plaintiff alleges an onset date of January 1, 1994. (ECF No. 10, pp. 15, 254). This application was denied initially and again upon reconsideration. (ECF No. 10, pp. 64-87).

Thereafter, Plaintiff requested an administrative hearing on his denied application, and this hearing request was granted. (ECF No. 10, p. 103). Plaintiff's administrative hearing was held on February 11, 2015, in Texarkana, Arkansas. (ECF No. 10, pp. 31-67). Plaintiff was present and was represented by Gregory Giles. *Id.* Plaintiff and Vocational Expert ("VE") Juanita M. Grant testified at this hearing. *Id.* At the time of this hearing, Plaintiff was twenty-one (21) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c). (ECF No. 10, pp. 35-36). As for his level of education, Plaintiff attended special education classes and completed the twelfth grade. *Id.*

After this hearing, on May 11, 2015, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (ECF No. 10, pp. 12-25). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 11, 2013, his application date. (ECF No. 10, p. 17, Finding 1). The ALJ determined Plaintiff had the following severe impairment: borderline intellectual functioning. (ECF No. 10, p. 17-18, Finding 2). Despite being severe, the ALJ determined this impairment did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Part 404 ("Listings"). (ECF No. 10, pp. 18-20, Finding 3).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (ECF No. 10, pp. 20-24, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform:

> a full range of work at all exertional levels but with the following nonexertional limitations. [Plaintiff] is limited to the performance of simple, routine, and repetitive tasks, and simple work-related decisionmaking. He cannot perform at a production rate pace but can perform goal-oriented work. He can have only occasional interaction with supervisors, coworkers, and the public.

*Id*.

The ALJ then determined Plaintiff had no Past Relevant Work ("PRW"). (ECF No. 10, p. 24, Finding 5). The VE testified at the administrative hearing regarding this issue. (ECF No. 10, pp. 51-55). Based on Plaintiff's age, education, work experience, and RFC, the ALJ determined there were jobs existing in significant numbers in the national economy Plaintiff could perform, such as a dishwasher, which has a DOT code of 318.687-010, with approximately four hundred ninety-eight thousand one hundred ten (498,110) jobs in the national economy, as a laundry worker, which has a DOT code of 361.687-010, with approximately four hundred twenty-six thousand six hundred seventy (426,670) jobs in the national economy, and as a groundskeeper, which has a DOT code of 406.687-010, with approximately eight hundred thirty thousand six hundred forty (830,640) jobs in the national economy. (ECF No. 10, pp. 24-25, Finding 9). Because jobs exist in significant numbers in the national economy which Plaintiff can perform, the ALJ also determined Plaintiff had not been under a disability, as defined by the Act, from February 11, 2013, through May 11, 2015, the date of the ALJ's decision. (ECF No. 10, p. 25, Finding 10).

Thereafter, on May 26, 2015, Plaintiff requested a review by the Appeals Council. (ECF No. 10, p. 11). The Appeals Council denied this request on August 12, 2016. (ECF No. 10, pp. 5-10). On September 26, 2016, Plaintiff filed the present appeal with this Court. (ECF No. 1). The Parties consented to the jurisdiction of this Court on September 27, 2016. (ECF No. 7). This case is now ready for decision.

**2.**　**<u>Applicable Law</u>:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *see* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *see Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record to support the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *see Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *see Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *see Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. § 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D). A plaintiff must show his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *see* 42 U.S.C. § 1382c(a)(3)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity ("RFC") to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy the claimant can perform. *see Cox,* 160 F.3d at 1206;  20 C.F.R. § 416.920(a)(4).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *see* 20 C.F.R. § 416.920(a)(4)(v).

**3.    Discussion:**

In his appeal brief, Plaintiff raises a single argument for reversal: the ALJ erred in failing to find Plaintiff met or equaled Listing 12.05(C). (ECF No. 11).  Plaintiff contends he met the specified medical criteria of Listing 12.05(C), which reads as follows:

> 12.05 Intellectual disability: Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> . . .
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or

> other mental impairment imposing an additional and significant work-related limitation of function;
>
> . . .

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(C). Essentially, Plaintiff must prove he met three requirements: 1) a valid verbal, performance, or full scale IQ of 60 through 70; 2) significant subaverage general intellectual functioning with deficits in adaptive functioning initially manifested before age 22; and 3) a physical or other mental impairment imposing an additional and significant work-related limitation of function . *Id.* Plaintiff has the burden of proving that his impairment meets or equals a Listing. *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." *Brown ex rel. Williams v. Barnhart*, 388 F.3d 1150, 1152 (8th Cir. 2004) (internal quotations and citation omitted). Furthermore, the question is whether the ALJ "consider[ed] evidence of a listed impairment and concluded that there was no showing on th[e] record that the claimant's impairments . . . m[et] or are equivalent to any of the listed impairments." *Karlix v. Barnhart*, 457 F.3d 742, 746 (8th Cir. 2006) (internal quotations omitted). "The fact that the ALJ d[oes] not elaborate on this conclusion does not require reversal [where] the record supprts h[is] overall conclusion." *Id.*

Plaintiff does not meet the first requirement of Listing 12.05(C), that he have a valid verbal, performance, or full scale IQ of 60 through 70. The record contains two sets of IQ scores. The first set of IQ scores were calculated on March 2, 2006, when Plaintiff was twelve (12) years old, in reference to his placement in special education courses. (ECF No. 10, pp. 360-61). At that time, Plaintiff had a verbal IQ of 57, Performance IQ of 68, and full scale IQ of 60. *Id.* Plaintiff's IQ was

6

tested again on August 9, 2012, at the age of eighteen (18). (ECF No. 10, pp. 309-08). At that time, Plaintiff had a verbal IQ of 72, Performance IQ of 84, and Full Scale IQ of 72. *Id.* Plaintiff urges this Court to set aside Plaintiff's IQ scores tested when Plaintiff was eighteen years old in favor of those tested when Plaintiff was twelve years old. The Eight Circuit recognizes that, in general, a person's IQ is presumed to remain stable over time, but only in the absence of any evidence of a change in a claimant's intellectual functioning. *see, e.g.*, *Muncy v. Apfel*, 247 F.3d 728, 734 (8th Cir. 2001). The most recent and higher IQ scores are evidence of a change in Plaintiff's intellectual functioning which serve as substantial evidence against that presumption. *see, e.g.*, *Phillips v. Colvin*, 721 F.3d 623, 628-29 (8th Cir. 2013).

The Eight Circuit has held that an ALJ is permitted to reject IQ scores when they are inconsistent with the record. *see Johnson v. Barnhart*, 390 F.3d 1067, 1071 (8th Cir. 2004) (citing *Clark v. Apfel*, 141 F.3d 1253, 1255 (8th Cir. 1998). "Test results should be examined to assess consistency with daily activities." *Id*; *see also Clay v. Barnhart*, 417 F.3d 922, 929 (8th Cir. 2005) ("We have emphasized in the past that IQ scores must be valid, that the Commissioner need not rely exclusively on IQ scores, and that the Commissioner may disregard test scores inconsistent with an applicant's demonstrated activities and abilities as reflected in the record as a whole"). In the present case, the ALJ extensively discussed Plaintiff's activities of daily living and determined they were inconsistent with Plaintiff's alleged limitations. (ECF No. 10, pp. 18-19, 22, 24). The ALJ specified as follows:

> [Plaintiff's] function report indicates that he could maintain all aspects of his own personal care, prepare meals, wash the dishes, mow the lawn, leave the house, walk, ride in a car, go shopping, play sports, spend time with others, play games, watch television, use a computer, and attend church, social groups, and sporting events. Likewise, [Plaintiff] admitted to a consultative examiner that he could maintain his

7

> own care, prepare simple meals, clean the house, wash the dishes, go to the convenience store, and watch television. Furthermore, at the hearing, [Plaintiff] admitted that he had friends and could live with other people, cook, vacuum, shop for groceries, go fishing, watch telecision, draw, play football and basketball, and help care for his grandmother's dog.

(ECF No. 10, p. 22) (internal citation omitted). Furthermore, the IQ scores upon which Plaintiff asks the Commissioner and this Court to rely were calculated when Plaintiff was twelve years old. Even if Plaintiff were under the age of eighteen (18) and applying for children's benefits, The Program Operations Manual specifies that those scores were only valid for disability evaluation purposes until Plaintiff reached the age of fourteen (14). *Program Operations Manual (POMS) DI 24515.055 Evaluation of Specific Issues Psychological/Psychometric Testing* (June 20, 2013); *see e.g.*, *Shontos v. Barnhart*, 328 F.3d 418, 424 (8th Cir. 2003) ("Although POMS guidelines do not have legal force, and do not bind the Commissioner, this court has instructed that an ALJ should consider the POMS guidelines"). Substantial evidence supports the ALJ's determination that Plaintiff's 2012 IQ scores were more compatible with his current behavior than his 2006 IQ scores and were a valid indication of his current status. Plaintiff has failed to meet his burden to show his impairment meets all the criteria of Listing 12.05(C).

**4.     Conclusion:**

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 24th day of March 2017.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE